Decision and Order
SP0215-09

Territorial Law Library

FILE

2012 JAN 10 PM 4: 05

SUPERIOR COURT OF GUAM

## IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| JIM JAMES FARNUM, ) | SPECIAL PROCEEDING |
| ) | CASE # SP0215-09 |
| Petitioner, ) |  |
| ) |  |
| v. ) | DECISION AND ORDER |
| ) | RESPONDENT'S MOTION TO SET ASIDE |
| GUAM CIVIL SERVICE COMMISSION ) | DEFAULT JUDGMENT |
| ) |  |
| Respondent ) |  |
| ) |  |
| ———————————————————— ) |  |
| ) |  |
| GUAM POWER AUTHORITY, ) |  |
| GOVERNMENT OF GUAM by and through ) |  |
| its General Manager, JOAQUIN FLORES ) |  |
| ) |  |
| Real Party in Interest. ) |  |
| . ) |  |
| ) |  |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on Respondent Guam Civil Service Commission's Motion to Set Aside Entry of Default Judgment. Attorney Jacqueline Taitano Terlaje represented Petitioner, Jim James Farnum. Attorney Sophia Santos Diaz represented Respondent Guam Civil Service Commission ("CSC"). Having considered the parties' arguments and related law, the Court now issues its Decision and Order.

////

////

ORIGINAL

## FACTUAL HISTORY

Petitioner Farnum was formerly employed by Guam Power Authority ("GPA"). In August of 2007, GPA issued a notice of adverse action terminating Farnum's employment based on GPA's belief that Farnum had failed to obtain approval for leave taken between July 23 and August 3, 2007. Farnum appealed the adverse action with the CSC, and the CSC issued a Decision and Judgment on September 29, 2009 upholding the termination. Farnum then filed the present Petition for Judicial Review on October 27, 2009 challenging the CSC's decision.

Following the filing of Farnum's petition, the CSC made a number of requests to extend the time to file its response. The CSC made multiple requests for additional time to file a response to the petition, which were granted. Despite these extensions the CSC failed to file a response. On May 21, 2010, this Court granted the CSC another sixty day extension and the Court set a status hearing for July 26, 2010. The CSC did not file a response and on August 6, 2010, Farnum requested an entry of default against the CSC based on its (CSC's) failure to file a responsive pleading. This Court never conducted a review of the CSC's decision and an entry of default was entered on the docket on September 7, 2010. Thereafter, the CSC filed the present motion to set aside the default judgment under Guam Rule of Civil Procedure 55(c).[1] The CSC argues that its delay in filing a response was due to the fact that it was without legal counsel between October 1, 2009 to August 29, 2010 and that its lack of counsel constitutes good cause to set aside the judgment. This Court agrees that the default judgment should be set aside, though for different reasons than those argued by the CSC.

---

[1] The CSC bases its motion to set aside the default judgment on "Rule 60(c)" of the Guam Rules of Civil Procedure. There is, in fact, no Guam Rule of Civil Procedure 60(c). The rule explicitly allowing the court to set aside default judgment is Guam Rule of Civil Procedure 55(c), which also provides for setting aside a default judgment under Rule 60(b). This Court presumes that the CSC intended to file its motion based on Rule 55(c).

## DISCUSSION

The parties dispute whether this Court should set aside the entry of default judgment against the CSC based on Rule 55(c) or 60(b)(6) of the Guam Rules of Civil Procedure. After reviewing the relevant law, this Court finds that the procedural statutes governing the Writ of Review apply in this case.

I.     *On a Petition for Judicial Review the Court Applies the Procedures and Law Governing the Writ of Review*

Petitioner filed the present Petition for Judicial Review arguing that this Court has jurisdiction to hear the petition pursuant to title 7, section 31102 of the Guam Code. Section 31102 establishes the Writ of Review and allows a judge of the Superior Court to issue the write directing an inferior tribunal to provide transcripts of the proceedings in the lower court so the reviewing court may conduct the necessary examination. However, a Writ of Review is technically distinct from a Petition for Judicial Review, which is the proper vehicle to invoke the superior court's review authority where a petitioner specifically challenges a final decision by the CSC. See Carlson v. Perez 2007 Guam 6 ¶ 65. In Carlson v. Perez the Guam Supreme Court held that "where the agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action." 2007 Guam 6 ¶ 59. The Carlson court considered the statutory scheme governing review of a CSC decision as well as prior case law relating to appeals of agency personnel decisions and ultimately determined that a party appealing a determination by the CSC must file a "Petition for Judicial Review" rather than requesting review under Guam's writ laws.

Despite the recognized distinction between the Writ of Review and a Petition for Judicial Review, this Court finds that because there is no established procedure for the filing and determination of a Petition for Judicial Review, the procedural and substantive statutes

governing the Writ of Review are applicable to a Petition for Judicial Review. Neither the legislation providing for appeal of a CSC decision nor the internal CSC regulations explain the procedures for appealing the CSC's decision by filing a Petition for Judicial Review. Title 7, section 7117 of the Guam Code states that where the law grants a court jurisdiction over the controversy, the law also grants

> all the means necessary to carry it into effect. . . . And in the exercise of this jurisdiction, if the course of the proceeding be not specifically pointed out by law or by rules of procedure adopted by the Supreme Court, any suitable process or mode of proceedings may be adopted which may appear most conformable to the spirit of this Title.

7 GUAM CODE ANN. § 7117 (2005). The Guam Supreme Court and the Federal District Court of Guam have interpreted this provision as allowing a court to articulate procedures in judicial review cases where the statute and agency regulations are silent. See Tyndzik v. Guerrero, Docket Nos. CV-92-00023A & CV-92-00031A, 1992 WL 245889, *1 (D. Guam App. Div. Sept. 11, 1992); Carlson, 2006 Guam 7 ¶ 62. This Court finds that given the nearly identical purposes and scope of a Petition for Judicial Review and a Writ of Review, the statutory provisions establishing procedures for the Writ of Review under title 7, section 31102 et seq. are most conformable to the spirit of title 7 and thus these provisions guide this court's decision in the present case. This interpretation is consistent with Farnum's Petition for Judicial Review, which cites section 31102 as the relevant law conferring jurisdiction upon this Court over the matter.

/ / / /

/ / / /

II.     This Court Lacks Jurisdiction to Enter Default Judgment on a Petition for Judicial Review

Under Guam Rule of Civil Procedure 60(b)(4), a judgment is void where the issuing court lacked subject matter jurisdiction or where the judgment violates due process of law.

*Mariano v. Surla,* 2010 Guam 2 ¶ 12 (citing <u>Burke v. Smith,</u> 252 F.3d 1260,1263 (11th Cir. 2001)). This Court lacked subject matter jurisdiction under title 7, section 31102 of the Guam Code to enter default judgment granting the relief requested by Farnum in his Request for Entry of Default and in his Petition for Judicial Review. The relief available under section 31102 is confined to a review of the proceedings of the inferior tribunal and a judgment "either affirming or annulling, or modifying the proceedings below." 7 G.C.A. §§ 31108, 31109. Moreover, a court's review authority is limited to determining "whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer." Generally, the CSC's responsibility on a Petition for Judicial Review is simply to provide a copy of the transcripts of the proceedings to allow the court to conduct a meaningful review of the CSC's decision. As this Court has not conducted the statutorily required review, there is no judicial authority to grant Farnum's requested relief for a Judgment in favor of Petitioner, or for an order vacating the CSC's Decision and Judgment. Because this Court has not had the opportunity to examine the CSC's decision or the record of the proceedings, the entry of default judgment and the vacation of the Decision and Judgment of the CSC exceeded the court's legally prescribed review authority.

## CONCLUSION

Based on the foregoing, the entry of default dated September 2, 2010 is hereby set aside and this Court's order dated September 3, 2010 is vacated. The Guam Civil Service Commission is hereby ORDERED to present a certified copy of the record and proceedings for this Court's review as provided by title 7, section 31105 of the Guam Code. The Civil Service Commission shall file the above certified documents no later than thirty (30) days from the date of this decision. Moreover, though this court is not aware of any legal authority requiring a respondent



ORIGINAL

in a special proceeding on a Petition for Judicial Review to file an "Answer" or other responsive pleading, this Court grants the Civil Service Commission leave to file a response to the Petition for Judicial Review if it so chooses. Such response must be filed no later than 60 days from teh date of the order.

A hearing is set for March 19, 2012 at 2:00 p.m. at which time this Court will hear any statements or arguments the parties may wish to make regarding the Petition for Judicial Review.

It is **SO ORDERED** this 9th day of January, 2012.

JAN 09 2012

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

JAN 1 0 2012

**Domingo M. Nego**
Deputy Clerk, Superior Court of Guam